# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# NO. 1:18-CV-270-GCM

| | |
|---|---|
| **ERIKA MOSTELLER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| **NANCY A. BERRYHILL, Acting Commissioner** | ) |
| **of Social Security,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Erika Mosteller's Motion for Judgment (Doc. No. 10) and the Commissioner of Social Security's Motion for Summary Judgment (Doc. No. 12). Having carefully considered those motions, accompanying memoranda, and the Administrative Record (Doc. No. 8), the Court enters the following findings, conclusions, and Order.

## I. Background

On June 2, 2016, Erika Mosteller ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits, initially alleging a disability onset date of October 6, 2010 and later amending that date to June 4, 2013. (Doc. No. 8-1, at 23, 209). The application was denied, first on September 4, 2015 and then upon reconsideration on January 20, 2016. (Doc. No. 8-1, at 23). Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Doc. No. 8-1, at 23). That request was granted. (Doc. No. 8-1, at 23).

In evaluating Plaintiff's alleged disability, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2016. (Doc. No. 8-1, at 25). The ALJ also engaged in a five-step sequential review pursuant to 20 C.F.R. § 404.1520(a)(4)(i)-(v). (Doc. No. 8-1, at 24). As a part of that review, the ALJ determined that: (1) Plaintiff had not

engaged in substantial gainful activity since the alleged onset of disability; (2) Plaintiff had a severe impairment (cervical degenerative disc disease after fusion); (3) Plaintiff's impairment did not meet the severity of those listed in 20 CFR 404, Subpart P, Appendix 1; (4) given Plaintiff's residual functional capacity ("RFC"), she could not perform past relevant work; and (5) given Plaintiff's RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Doc. No. 8-1, at 31). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's application for a period of disability and disability insurance benefits on June 5, 2018. (Doc. No. 8-1, at 32, 33).

Plaintiff requested review of that decision by the Appeals Council ("AC") on January 5, 2018. (Doc. No. 8-1, at 5). The Appeals Council denied that request on August 1, 2018, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). (Doc. No. 8-1, at 5). Thereafter, Plaintiff timely filed this action, seeking judicial review of that decision. (Doc. No. 1).

## II. Standard of Review

Judicial review of a final decision of the Commissioner is authorized pursuant to 42 U.S.C. § 405(g), but review is limited to consideration of (1) whether the Commissioner applied the correct legal standards and (2) whether substantial evidence supports the Commissioner's decision. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Review of the evidence is not *de novo*; it is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 400.

## III. Discussion

Plaintiff's first assignment of error is that the ALJ failed to identify and obtain a reasonable explanation for a conflict between the testimony of the Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT"). (Doc. No. 11, at 4). According to Plaintiff, that conflict arose when the VE told the ALJ that a person unable to "reach overhead with the bilateral upper extremities but [able to] frequently reach in other directions" could work as a small parts assembler, inspector/hand packager, or shipping/receiver, even though the DOT states that those jobs "require occasional to frequent reaching." (Doc. No. 8-1, at 72; Doc. No. 11, at 5). In other words, Plaintiff argues that the term "reaching," as used in the DOT, is inclusive of overhead reaching—which she cannot do. (Doc. No. 11, at 5; Doc. No. 8-1, at 27).

The Fourth Circuit faced an almost identical situation in *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015). In that case, the Fourth Circuit determined that where a vocational expert identified jobs for a person unable to perform bilateral overhead reaching but the DOT indicated that those jobs required "reaching," there was an apparent conflict between the vocational expert and the DOT. *Pearson*, 810 F.3d at 210, 211 (4th Cir. 2015). The Fourth Circuit then explained that, because there was an apparent conflict, the administrative law judge was required to "elicit an explanation from the expert as to whether [those jobs did], in fact, require frequent bilateral overhead reaching" *before* relying on the VE's testimony. *Id.* Because the administrative law judge had not done that, the Fourth Circuit remanded the case (with instructions for the district court to remand the case to the Commissioner). *Id.* at 211, 212. Here, like in *Pearson*, there was an apparent conflict between the VE's testimony—identifying three jobs that Plaintiff could perform even with an absolute limitation on overheard bilateral reaching—and the DOT—stating that those jobs required "reaching." (Doc. No. 8-1, at 72). Further, the ALJ did not identify and resolve that

conflict before relying on the VE's testimony. Thus, remand is appropriate. *See Pearson*, 810 F.3d at 209 (4th Cir. 2015). In addition, because the Court rules in favor of Plaintiff's first assignment of error—and remands this case for rehearing in its Order below—Plaintiff's second assignment of error is moot.[1]

**IV. Conclusion**

**THE COURT HEREBY ORDERS AS FOLLOWS**: Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **GRANTED** and Defendant's Motion for Summary Judgment (Doc. No. 12) is **DENIED**. Accordingly, this action is **REMANDED** for rehearing below. *See* 42 U.S.C.S. § 405(g) (District courts "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). Upon remand, Plaintiff may present new evidence in support of and raise any issues relating to its claim. *See* 20 C.F.R. § 404.983; *RJR v. US Comm'r SSA*, No. 09-cv-1284, 2010 U.S. Dist. LEXIS 83415, at *13 (W.D. La. July 13, 2010) ("[T]here is ordinarily 'no limit on a claimant's supplementing the record on remand' after a sentence four . . . remand."), *adopted by*, 2010 U.S. Dist. LEXIS 83430, at *1 (W.D. La. Aug. 16, 2010).

Signed: March 12, 2020

Graham C. Mullen
United States District Judge

---

[1] Any errors committed by the ALJ when considering the medical opinion evidence in this case are moot because, upon rehearing as Ordered below, the ALJ will reconsider all evidence in this case. Further, Plaintiff's contention that the Appeal's Council was wrong not to consider additional evidence offered by Plaintiff after the ALJ's initial decision is also moot because—as indicated in the Order below—Plaintiff will be allowed to present new evidence upon remand.